Taylor, Chief-Justice.
 

 The testator had a wife and four children; two of whom, by a former wife, lived separate from him, without his consent. The bulk of his property consisted of the tract of land on which he lived, and a
 
 very inconsiderable
 
 personal estate, which was exhausted in the payment of his debts. In his will, he manifests his displeasure towards his two elder children, by giving them a shilling each; influenced no doubt by the common, but erroneous notion, that it is necessary to give something to a child, in order, effectually, to disinherit him. After these bequests, it is quite improbable tiiat he meant to die intestate as to his real estate, so as to let these two children share with the
 
 others;
 
 and where the intent is so apparent, too much stress ought not to be laid on the strict signification of words. He could not but kpow, that big personal property was inadequate to the
 
 *76
 
 support of his wife during her widowhood, an<$ that a remainder of it to his younger children, would be illusive. The words “ what I may die possessed of,
 
 “
 
 have been held sufficient to describe property, of whatever description—(8
 
 Vesey,
 
 606); and the words, “all I am worth,” are sufficient to pass real estate.-(1
 
 Bro. G. C.
 
 437.) The petition must be dismissed.